IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARCO MIGUEL ROBERTSON #62151-066
          Petitioner                          *

          v.                                  *   CIVIL ACTION NO.  PJM-12-35

COMMISSIONER OF DIVISION OF     *
  CORRECTIONS OF MARYLAND, et al.,
Respondents                         *

### MEMORANDUM OPINION

Marco Miguel Robertson's Petition for Writ of Habeas Corpus was transferred to this Court from the United States District Court for the Middle District of Pennsylvania and received on January 3, 2012.  The Petition as supplemented (ECF Nos. 1 and 11) shall be construed under 28 U.S.C. § 2241.  Counsel for the Maryland Department of Public Safety and Correctional Services ("DPSCS") has responded on behalf of the State Defendant[1] (ECF No. 12), and Robertson has filed a reply.  ECF No. 13.

### Background

Robertson is in federal custody pursuant to the Interstate Corrections Compact ("ICC"),[2] serving aggregate sentences of life imprisonment plus twenty-four years' incarceration following his Maryland convictions for first-degree murder, use of a handgun, assault with intent to maim and second-degree assault.[3]  ECF No. 12, Exhibits 1-3.  In his initial Petition, Robertson alleged his due process rights were violated because he is not permitted to attend his Maryland parole

---

[1] Petitioner, housed at the United States Penitentiary in Lewisburg, Pennsylvania, also named the United States Attorney General as Respondent.  For reasons apparent herein, further response by the United States Attorney is not warranted.

[2] The ICC is applicable to Maryland prisoners pursuant to Md. Code Ann., Corr. Servs. § 8-601 *et seq.*

[3] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=CT971600X&loc=65&detailLoc=PG; http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=02K97000484&loc=60&detailLoc=K; and http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=02K02001407&loc=60&detailLoc=K.

hearing while housed in a federal facility outside Maryland. ECF No. 1 at 4. In his Supplemental Petition, Robertson implies that he has never been scheduled for a parole hearing, but that if such a hearing was held, it should be reconvened so that he could attend in person or via videoconference. ECF No. 11 at 1-2.

## Standard of Review

Petitions filed pursuant to 28 U.S.C. § 2241 are subject to the exhaustion requirement of 28 U.S.C. § 2254(b). *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, Robertson must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals, *see Granberry v. Greer*, 481 U.S. 129, 134-35 (1987), as the state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

## Analysis

Robertson was sentenced to life plus twenty years' incarceration commencing January 31, 1997. On March 2, 1999, he received an additional fifteen year sentence concurrent to the sentences already imposed. On September 20, 2002, he received an additional four year

sentence, to be served consecutive to any sentence then being served.  Given those sentences, it is not apparent that he is eligible for parole at this time;[4] indeed, Respondents find no evidence that a parole hearing was either scheduled or held.  ECF No. 12 at 5.  Robertson should direct his parole eligibility claim to the appropriate Maryland court.  *See Maryland House of Correction v. Fields*, 686 A. 2d 1103, 1105 (1996) (habeas relief is appropriate where prisoner alleged that prison officials' actions were unauthorized and he was unlawfully detained and was entitled to immediate release).

To the extent Robertson claims that Maryland parole officials have violated his due process rights by failing to schedule a parole hearing, his claim cannot be adjudicated here.  Violation of a state law or regulation which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice".  *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)).  The Constitution itself does not create a protected liberty interest in the expectation of early release on parole.  *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U. S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U. S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest).  "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7.   "It is therefore axiomatic that because . . . prisoners have no protected liberty interest in parole they cannot mount a challenge against a state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.).

---

[4] Md. Code Corr. Serv. § 7-301(d) provides that an inmate sentenced to life imprisonment is not eligible for parole consideration until s/he has served fifteen years or the equivalent of fifteen years after consideration of diminution credits.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting S*lack v. Daniel,* 529 U.S. 473, 484 (2000)).  For reasons set forth above, a separate order will be entered dismissing this case without prejudice and denying a certificate of appealability.

 

/s/
PETER J. MESSITTE
June 21, 2012                                    UNITED STATES DISTRICT JUDGE